# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Bankr. Case No.: 18-19327-KHT |
| RAED AMEEN ALNAMER, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |
| AMERICAN EXPRESS NATIONAL BANK, ) | Adv. Proc. No.: |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RAED AMEEN ALNAMER aka ) | |
| RAED A. ALNAMER, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Plaintiff, American Express National Bank ("American Express"), by and through its counsel, hereby represents as follows:

1. The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. 157(a), (b)(1), (b)(2)(I) (core proceeding), 1334(b) and 11 U.S.C. 523(c).

2. In accordance with Fed. R. Bankr. P. 7008, American Express consents to the entry of final orders and judgments by this Court.

3. On October 25, 2018, the Defendant, Raed Ameen Alnamer aka Raed A. Alnamer ("the Defendant") voluntarily filed a Chapter 7 petition, commencing the above case.

4. American Express is the holder of a claim against the above-captioned Defendant arising from card account number xxxx-xxxxxx-x3003 (the "Account").

5. The Account was opened in or around January of 2016.

6. The balance of the Account as of the date of the filing of the Chapter 7 petition was $21,349.75.

7. The terms and conditions of the Account Agreement between the Defendant and American Express calls for the payment of reasonable costs, including attorneys' fees, expended by American Express in the collection of the account, which is hereby requested in the following count.

**FIRST COUNT**

8. Paragraphs 1 through 7 are hereby repeated and incorporated as if fully set forth herein.

9. Between March 30, 2018 and May 14, 2018, the Defendant used the Account in forty-four (44) transactions totaling $19,326.35 on the Account for the purchases of goods and services.

10. Of the transactions referenced in paragraph 9, one (1) charge in the amount of $13,035.00 was incurred at Morgans Jewelers in Rolling Hills, CA.

11. Of the transactions referenced in paragraph 9, one (1) charge in the amount of $2,000.00 was incurred at AN Chevrolet North in Denver, CO.

12. Of the transactions referenced in paragraph 9, one (1) charge in the amount of $978.55 was incurred at Men's Wearhouse in Aurora, CO.

13. Of the transactions referenced in paragraph 9, one (1) charge in the amount of $388.96 was incurred at Sunglass Hut in San Diego, CA.

14. The Defendant does not list any jewelry on his Schedule B or as a gift, loss or transfer on his Statement of Financial Affairs.

15. The terms and conditions of the Account Agreement between the Defendant and American Express calls for a minimum of all charges on the Account upon receipt of the monthly billing statement

16. The balance of the Account prior to the charge at issue was $543.28, which was paid down to $508.28.

17. The Defendant submitted two (2) payments totaling $692.00. Of this amount, $426.00 was returned by the bank.

18. The Account had a post-petition credit of $0.48.

19. Attached hereto as Exhibit "A" is the relevant portion of the account statements which reflect the account activity on the Account as alleged in this Complaint.

20. According to Schedule F of the Defendant's bankruptcy petition, he has $270,776.00 in unsecured, nonpriority debt, of which, $219,576.00, appears to be credit/charge card debt.

21. According to Schedule I of the Defendant's bankruptcy petition, his current monthly net income totals $2,091.69.

22. According to Schedule J of the Defendant's bankruptcy petition, his current monthly expenses total $4,921.00; this figure does not include payment on any credit/charge card debt.

23. Therefore, based upon the figures disclosed in the Defendant's bankruptcy schedules, the Defendant was already unable to pay his living expenses and his credit/charge card debt when he made the charges on the Account.

24. American Express asserts that, at the time the Defendant incurred the charges on the Account, the Defendant's monthly expenses exceeded his monthly income by $2,829.31 and therefore, subjectively, the Defendant did not intend to honor his obligation to American Express to satisfy the Account.

25. Each and every time the Defendant incurred a charge or transaction on the Account, he was making an implied representation to American Express of his intent to repay the debt pursuant to the terms of the Account Agreement.

26. However, American Express avers that the Defendant obtained the goods and services on the Account through representations which he either knew were false or which were made with such reckless disregard for the truth as to constitute willful misrepresentation.

27. When the Defendant obtained goods and services as identified on Exhibit "A," he knew or reasonably should have known of his inability to repay the debt such that he was aware of the falsity of his representations to American Express.

28. The Defendant made the misrepresentations with the intention and purpose of deceiving American Express.

29. The Defendant made multiple charges on the same day on the Account on March 31, 2018, April 1, 2018, April 2, 2018, April 4, 2018, April 5, 2018, April 6, 2018, April 7, 2018, April 8, 2018, April 23, 2018, April 24, 2018, April 30, 2018, and May 4, 2018.

30. The Defendant has a certain level of financial sophistication as evidenced by the fact that he pays rent, makes payments for auto loans, auto insurance, utilities and other household bills, and has maintained and used multiple credit/charge card accounts.

31. The Account activity at issue in Exhibit "A" represents a sudden change in Defendant's buying habits.

32. At the time of posting the above-referenced charge to the Account, the Defendant was a cardmember in good standing and had a credit history with American Express, such that, American Express justifiably relied on the Defendant's misrepresentations as to his intent to repay.

33. As the proximate result of extending credit based on the Defendant's misrepresentations, American Express has sustained loss and damage in the amount of $19,325.87.

34. American Express asserts that, when the transactions at issue were incurred, the Defendant was misrepresenting his intent and ability to repay American Express as required by the terms of the Account Agreement for the Account.

35. A portion of the balance on the Account totaling $19,325.87 was incurred by the Defendant with knowledge of his inability to repay the debt.

36. A portion of the balance of the Account totaling $19,325.87 was incurred by the Defendant without the intent to repay it.

37. The Defendant incurred a portion of the balance of the Account totaling $19,325.87 through false pretenses, a false representation, or actual fraud.

38. For the foregoing reasons, a portion of the balance of the Account totaling $19,325.87 is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

*[This space was intentionally left blank]*

WHEREFORE, Plaintiff, American Express National Bank prays this Honorable Court for a nondischargeable judgment pursuant to 11 U.S.C. §523(a)(2)(A) against Defendant, Raed Ameen Alnamer aka Raed A. Alnamer, in the total amount of $19,325.87, plus attorney fees and costs, and for any such further relief as the Court may deem appropriate.

Respectfully submitted,
Attorneys for Plaintiff

Dated: January 31, 2019    By: */s/Paul G. Urtz*
Paul G. Urtz  CO Bar #14339
Miller & Urtz, LLC
1660 Lincoln Street, Suite 2850
Denver, CO  80264
Telephone: (303) 861-1200
Facsimile: (303) 830-0115
Email: paulurtz@millerurtz.com